### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

| | |
|---|---|
| COLONY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No.:   2:17-cv-02690 |
| GLOBAL POWER GENERATION SERVICE CORPORATION OF FLORIDA; SUNFLOWER ELECTRIC POWER CORPORATION; and M&S STEEL, INC. | |
| Defendants. | |

### PLAINTIFF COLONY INSURANCE COMPANY'S MOTION TO DISMISS M&S STEEL, INC.,'S AMENDED COUNTERCLAIM

Plaintiff, Colony Insurance Company, moves the Court to dismiss Counts II, III and IV of M&S Steel, Inc.'s ("M&S") Amended Counterclaim (Doc. 26) filed in this action, and alleges the following in support:

1. Colony moves to dismiss Counts II, III and IV of M&S' Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). Those Counts fail to state a claim upon which relief can be granted for several reasons.

2. Count II of M&S' Amended Counterclaim for "bad faith" is inappropriate under either Florida law or Kansas law. With respect to Florida law, the Amended Counterclaim does not allege an excess judgment, nor that there has been a determination of coverage and damages. With regard to Kansas law, M&S fails to allege a cognizable claim and should therefore be dismissed.

3. M&S also cites to Georgia law in Count II, but Georgia law cannot apply under the facts of the case. With respect to choice of law, Kansas applies the principle of *lex loci contractus* regarding the nature and extent of the duty of each party to a contract. M&S fails to allege any relevant facts supporting the application of Georgia law, and the Colony policy indicates on its face that it was issued to Global Power Generation Service Corporation in Jacksonville, Florida.

4. Count III of M&S' Amended Counterclaim for "declaratory judgment" should be dismissed because it is redundant and unnecessary. Colony already seeks declaratory relief in its Complaint, and M&S basically requests the same relief, but in its favor.

5. Count IV purports to be a claim for the recovery of attorneys' fees. That count incorporates all previous allegations in the Amended Counterclaim, including the allegations of bad faith, and also relies on Georgia law. Because that count appears predicated in whole or in part on bad faith, and in whole or in part on Georgia law, it should be dismissed.

6. In support of this motion to dismiss, Colony is also filing a separate Memorandum of Law. For the reasons stated in this Motion, and in the Memorandum of Law, M&S' Amended Counterclaim should be dismissed.

WHEREFORE, Plaintiff Colony Insurance Company respectfully requests that Counts II, III, and IV of M&S's Amended Counterclaim be dismissed and for all other relief deemed necessary and proper by the Court.

Respectfully submitted:

**LAW OFFICES OF VINCENT F. O'FLAHERTY, ATTORNEY, LLC**

By /s/Vincent F. O'Flaherty
Vincent F. O'Flaherty KS #16954
3637 Main Street
Kansas City, MO  64111
T: 816-931-4800
F: 816-756-2168
Email: voflaherty@voflaw.com

/s/Larry I. Gramovot
Larry I. Gramovot, Esq.
Florida Bar Number: 273570
1400 Village Square Blvd., No. 3-405
Tallahassee, FL 32312-1231
Email: Larry@lig-law.com
phone (850) 325-1914
Admitted *pro hac vice*

**Attorneys for Plaintiff Colony Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 16, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By /s/Vincent F. O'Flaherty

3