IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| COLONY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No.: 2:17-cv-02690 |
| GLOBAL POWER GENERATION SERVICE CORPORATION OF FLORIDA; SUNFLOWER ELECTRIC POWER CORPORATION; and M&S STEEL, INC. | |
| Defendants. | |

**PLAINTIFF COLONY INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS M&S STEEL, INC.'S COUNTERCLAIM**

Plaintiff Colony Insurance Company files this memorandum in support of its separately filed motion to dismiss M&S Steel, Inc.'s ("M&S") Amended Counterclaim (Doc. 26) filed in this action.

**I.  Count II Cannot State a Claim for Relief under Kansas or Florida law**

Count II of M&S' Amended Counterclaim is for "bad faith." Under either Florida or Kansas law, those counts are inappropriate, and should be dismissed.

Because this is a diversity case, the court must apply the substantive law of the forum state, Kansas. *See Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency,* 174 F.3d 1115, 1118 (10th Cir.1999). With regard to choice of law issues, Kansas applies the Restatement (First) of Conflict of Laws. *In re K.M.H.*, 169 P.3d 1025, 1031-32 (Kan. 2007). In contract disputes, courts applying Kansas law look to *lex loci contractus*, or the law of the state where the contract was made, to determine "the nature and extent of the duty of each party to the contract." *Ctl. Power*

1

*Sys. & Servs., Inc. v. Universal Underwriters Ins. Co*., 319 P.3d 562, 566 (Kan. Ct. App. 2014) (applying *Layne Christiansen Co. v. Zurich Can*., 38 P.3d 757, 766-67 (Kan. Ct. App. 2002)); *Moses v. Halstead*, 581 F.3d 1248, 1252 (10th Cir. 2009) (finding *lex loci contractus* applies when the question goes to the substance of the obligation); *See also Safeco Ins. Co. of Am. v. Allen,* 941 P.2d 1365, 1372 (Kan. 1997). With regard to the question as to where the contract was made, Kansas "courts have repeatedly held the contract is made where the policy is delivered." *Lane Christiansen*, 38 P.3d (citing cases). When the issue goes to the manner and method of performance, courts applying Kansas law turn to the law of the place where performance occurred. *Ctl. Power Sys. & Servs., Inc*., 319 P.3d at 566; *Moses*, 581 F.3d at 1252.

Under Florida law, the essence of a third-party bad-faith cause of action is to remedy a situation in which an insured is exposed to an excess judgment because of the insurer's failure to properly or promptly defend or settle the claim. *See Macola v. Gov't Emps. Ins. Co*., 953 So. 2d 451, 457 (Fla. 2006); *Cunningham v. Standard Guar. Ins. Co*., 630 So. 2d 179, 181 (Fla. 1994) (citing *Fid. & Cas. Co. v. Cope*, 462 So. 2d 459, 460 (Fla. 1985)). A common law bad faith claim does not accrue until there has been a determination of coverage and damages. *See e.g.*, *Xl Specialty Ins. Co. v. Skystream, Inc*., 988 So.2d 96 (Fla. 3D DCA 2008), *receded from on other grounds, State Farm Florida Ins. Co. v. Seville Place Condo. Ass'n, Inc*., 74 So.3d 105 (Fla. 3D DCA 2011). Such law applies equally to affirmative defenses asserting bad faith. *See Colareta*, 2013 U.S. Dist. LEXIS 146700, 2013 WL 5588140 (S.D. Fla. October 10, 2013).

M&S has failed to allege that Colony's conduct resulted in an excess judgment being entered against M&S, assuming *arguendo*, that it is an insured under the Colony policy. Further, M&S has failed to allege a determination of damages resulting from Colony's alleged bad faith,

and a determination of insurance coverage in its favor. As such, M&S cannot maintain claims for bad faith against Colony under Florida law.

It is unclear whether M&S is also relying on Kansas law for this Count. To the extent it is, it fails to state a cognizable claim for relief. Put simply, Kansas does not recognize the tort of bad faith against an insurance company. *See Spencer v. Aetna Life & Cas. Ins. Co.*, 611 P.2d 149, (Kan. 1980); *Classico, LLC v. United Fire & Cas. Co.*, 386 P.3d 529, 2016 Kan. App. Unpub. LEXIS 1014 *; 2016 WL 7324451 (Kan. Ct. App. December 16, 2016) (unpublished). While Kansas does recognize a breach of the implied covenant of good faith and fair dealing, it is merely a legal argument related to an action for breach of contract; it is not an independent cause of action. *Id*. *See also Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996), aff'd, 145 F.3d 1347 (10th Cir. 1998). The implied covenant creates no new contractual duties; instead, it "guides the construction of explicit terms in an agreement." *Kindergartners Count, Inc. v. DeMoulin*, 249 F. Supp. 2d 1233, 1243 (D. Kan. 2003). To prevail on an implied duty of good faith and fair dealing theory under Kansas law, a party must

> (1) plead a cause of action for 'breach of contract,' not a separate cause of action for 'breach of duty of good faith,' and (2) point to a term in the contract 'which the defendant allegedly violated by failing to abide by the good faith spirit of that term.' [quoting *Pizza Management v. Pizza Hut*, 737 F.Supp. 1154, 1184 (D.Kan.1990)]

*Wayman*, 923 F.Supp. at 1359. When a party fails to identify a contract term that an insurer allegedly violated by failing to abide by the good faith spirit of that term, the party fails to state a claim for breach of the duty of good faith and fair dealing under Kansas law. *See Mendy v. AAA Ins.*, 2017 U.S. Dist. LEXIS 164991, 2017 WL 4422648 (D. Kan. October 5, 2017).

With respect to Count II of the Amended Counterclaim, M&S improperly attempts to assert what appears to be an action for the tort of bad faith. It does not appear that M&S attempts

3

to allege the breach of an implied covenant of good faith and fair dealing with respect to the Colony policy. Even if M&S did attempt to allege the breach of an implied covenant of good faith and fair dealing, it is not a separate action from purported breach of contract, and M&S otherwise fails to comply with the pleading requirements set forth in *Waymen*.

## II.     Count II Relies in Part on Georgia Law which has no Applicability

M&S alleges no basis whatsoever for the application of Georgia law to this case, and no basis exists. The Colony policy at issue in this action indicates on its face that it was issued for delivery to Global Power Generation Service Corporation in Jacksonville, Florida. Thus, as recognized by the above case law, the policy was made in Florida. Further, the underlying action was filed in and is being prosecuted in Kansas. M&S alleges that it entered into a subcontract for work in Georgia, but admits that the work was to be performed in Kansas. (Am. Counterclaim, ¶ 6). In any event, M&S is not seeking to determine "the nature and extent of the duty of each party" to the *subcontract*, but rather to the *Colony policy*. It is undisputed that the Colony policy was not made in Georgia, and M&S does not allege that it was. Since Georgia law does not apply, its law on bad faith or attorneys' fees does not apply either. *See Pinkerton & Laws, Inc. v. Royal Ins. Co. of Am.*, 227 F. Supp. 2d 1348, 1357 (N.D. Ga. 2002) (holding O.C.G.A § 33-4-6 inapplicable to insurance policy governed by Florida law).

Even if Georgia law applies, and it certainly does not, M&S fails to allege in Count II that it complied with the requirements of Ga. Code Ann. § 33-4-6 in asserting its claim for bad faith. *See*, *e.g.*, *Phila. Indem. Ins. Co. v. First Multiple Listing Servs., Inc.*, 173 F.Supp.3d 1314 (N.D. Ga. 2016) ("O.C.G.A. § 33–4–6 provides the exclusive remedy for an insured's bad faith refusal to pay insurance proceeds"); *Great Southwest Exp. v. Great American Ins.*, 665 S.E.2d 878, 292 Ga.App. 757 (Ga. App. 2008).

### III. Count III Should be Dismissed because it is Redundant and Unnecessary

Count III of M&S' Amended Counterclaim is for "declaratory judgment." That count should be dismissed because it essentially seeks the same relief as the Complaint, except in its own favor, and is therefore redundant and unnecessary. *See Sembler Family Partnership #41, Ltd v. Brinker Florida, Inc*., 2008 U.S. Dist. LEXIS 104707, 2008 WL 5341175 (M.D. Fla. December 19, 2008).

### IV. Count IV Fails to State a Claim upon which Relief can be Granted

Count IV purports to be a claim for the recovery of attorneys' fees. That count incorporates all previous allegations in the Amended Counterclaim, including the allegations of bad faith, and also relies upon Georgia law. Because that count appears predicated in whole or in part on bad faith, and in whole or in part on Georgia law, it should be dismissed for the reasons discussed above.

### V. Conclusion

For the foregoing reasons, Plaintiff, Colony Insurance Company, respectfully moves the Court to grant the relief sought by Colony in its separately filed motion to dismiss relating to M&S' Amended Counterclaim and Answer and defenses (Doc. 26).

Respectfully submitted:

**LAW OFFICES OF VINCENT F. O'FLAHERTY, ATTORNEY, LLC**

By /s/Vincent F. O'Flaherty
Vincent F. O'Flaherty KS #16954
3637 Main Street
Kansas City, MO  64111
T: 816-931-4800
F: 816-756-2168
Email: voflaherty@voflaw.com

/s/Larry I. Gramovot
Larry I. Gramovot, Esq.
Florida Bar Number: 273570
1400 Village Square Blvd., No. 3-405
Tallahassee, FL 32312-1231
Email: Larry@lig-law.com
phone (850) 325-1914
Admitted *pro hac vice*

**Attorneys for Plaintiff Colony Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 16, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By /s/Vincent F. O'Flaherty